IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALLEN L. TREICHLER**, | Case No. 3:11-cv-01333-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **MICHAEL ASTRUE**, Commissioner Social Security Administration, | |
| Defendant. | |

James S. Coon, Swanson, Thomas, Coon & Newton, 800 S.W. Second Avenue, Suite 200, Portland, OR 97204. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Gerald J. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

PAGE 1 - OPINION AND ORDER

**SIMON, District Judge.**

## INTRODUCTION

Plaintiff Allen L. Treichler ("Mr. Treichler") challenges the Commissioner's decision finding him not disabled and denying his application for Disability Insurance Benefits under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

Mr. Treichler was born in 1967. Tr. 136. He has completed three years of college. Tr. 184. Mr. Treichler applied for benefits on April 5, 2007, alleging disability since July 14, 2004 (Tr. 136) due to a broken back and ankle, limited bladder control, and depression. Tr. 178. The Commissioner denied Mr. Treichler's application initially and upon reconsideration, and an Administrative Law Judge ("ALJ") held a hearing on December 15, 2009. Tr. 34-85. On January 5, 2010, the ALJ found Mr. Treichler not disabled. Tr. 20-28. The Appeals Council denied review of this decision, making it the final decision of the Commissioner. Tr. 1-3.

## DISABILITY DETERMINATION AND STANDARDS

### A.    Legal Standards for Disability Determination

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Commissioner engages in a sequential analysis encompassing between one and five steps in determining disability under the Act. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Id.* The steps are:

Case 3:11-cv-01333-SI    Document 18    Filed 09/28/12    Page 3 of 14

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);

>416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one to four. *Id.* at 953; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Commissioner bears the burden of proof at step five. *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999). Here the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *Bustamante*, 262 F.3d at 953-54.

### B.    The ALJ's Decision

At stage one, the ALJ found that Mr. Treichler was not performing substantial gainful activity and found at step two that his "status post fractures of the lumbar spine, right ankle, right tibia, and lift tibia," neurogenic bladder, cauda equine syndrome, and chronic pain syndrome are severe impairments. Tr. 22. At step three, the ALJ found that these impairments did not meet or equal an impairment that was listed in the Commissioner's regulations. *Id.* The ALJ then determined that Mr. Treichler retained the RFC to perform light work with the following limitations:

>[T]he claimant must change positions every 15 minutes, can occasionally balance, stoop, kneel, crouch, and crawl, can perform

PAGE 4 -  OPINION AND ORDER

> unskilled work consisting of simple tasks with simple instructions, should have no more than moderate exposure to unprotected heights, moving machinery, and other workplace hazards, and needs to be in close proximity to a bathroom.

Tr. 23. At step four, the ALJ concluded that this RFC precluded performance of Mr. Treichler's past relevant work. Tr. 27. The ALJ then concluded at step five that Mr. Treichler could perform work that existed in significant numbers in the national economy. *Id.* The ALJ therefore found Mr. Treichler not disabled.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks

omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Mr. Treichler alleges that the ALJ erroneously rejected both his testimony and that of a lay witness. Mr. Treichler asserts that, but for these errors, he has established his disability.

### A.   Claimant's Credibility

Mr. Treichler argues that the ALJ erroneously rejected his symptom testimony. Pl.'s Opening Br. 3-7.

#### 1.   Standards

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting

*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 918. Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility

PAGE 7 - OPINION AND ORDER

finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### 2. Analysis

Mr. Treichler argues that the ALJ summarized his testimony, but offered no credibility analysis. Mr. Treichler specifically objects to the ALJ's statement that he found Mr. Treichler's testimony credible only to the extent it was consistent with Mr. Treichler's RFC. Pl.'s Opening Br. 6. Mr. Treichler overly simplifies the ALJ's decision. The ALJ discussed factors pertaining to Mr. Treichler's credibility throughout his analysis of the evidence in formulating Mr. Treichler's RFC. Tr. 23-27. The ALJ specifically cited: (1) Mr. Treichler's activities of daily living; (2) his vocational rehabilitation record; and (3) the medical record. Mr. Treichler does not challenge these findings.

As a preliminary matter, the ALJ must consider a claimant's testimony in determining the claimant's RFC. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p at *7 (available at 1996 WL 374184). A court, however, may not reject an ALJ's credibility determination if the ALJ provides appropriate reasons to discredit the claimant's testimony. Because the ALJ specifically referred to and discussed Mr. Treichler's daily activities, vocational rehabilitation, and medical records, the court finds no error in the ALJ's finding concerning Mr. Treichler's credibility.

### B.    Lay Witness Testimony

Mr. Treichler also argues that the ALJ erroneously rejected the testimony of Mr. Treichler's wife, Terry Treichler. Pl.'s Opening Br. 10. He asserts that the ALJ made no finding regarding Ms. Treichler's testimony and therefore implicitly – and improperly – rejected

Ms. Treichler's testimony by failing to include in the ALJ's RFC the limitations that she described. *Id.* at 12.

### 1.   Standards

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 416.913(d); *Molina*, 674 F.3d at 1115 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The ALJ also must provide germane reasons for rejecting lay testimony. *Molina*, 674 F.3d at 1114 (citing *Doddrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Molina*, 674 F.3d at 1114 (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)).

### 2.   Analysis

Ms. Treichler testified at Mr. Treichler's December 15, 2009, hearing before the ALJ (Tr. 29-68) and submitted a questionnaire for the record on August 13, 2007. Tr. 186-93.  At the hearing, Ms. Treichler testified that she and Mr. Treichler can no longer participate in activities such as trips to the Oregon coast and the fair. Tr. 64-65. She also described Mr. Treichler's nighttime urinary incontinence and occasions of daytime urinary and bowel incontinence. Tr. 66-67.

On her August 13, 2007, questionnaire, Ms. Treichler wrote that Mr. Treichler gets up between ten and eleven in the morning, eats, watches televisions, bathes, naps, goes outside, and is up most nights due to his urinary catheter. Tr. 186. Putting on his socks and shoes causes "a lot of problems (pain)." Tr. 187. Mr. Treichler cooks sandwiches and simple meals, but does not

cook complete meals. Tr. 188. Ms. Treichler wrote that Mr. Treichler uses a riding lawn mower, and no longer does "a lot" of yardwork or handywork. Tr. 188-89. He goes outside three of four times a day and walks "a little." Tr. 189. Mr. Treichler shops for clothes, watches television, hunts, fishes, does yard work, and goes to the coast. Tr. 189-90. He visits people and talks on the phone a few times a week. Tr. 190. Ms. Treichler endorsed limitations in Mr. Treichler's ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and concentrate. Tr. 191. She wrote that he can walk five or ten minutes before needing to rest for five minutes, but this "depends on pain." *Id.* Mr. Treichler uses a cane "once in a while." Tr. 192.

The ALJ summarized Ms. Treichler's testimony:

> The claimant's wife reported that the claimant naps during the day and has good and bad days. The claimant has a lot of pain when putting on his socks and shoes. He has a disabled parking permit and cannot drive long distances. The claimant can lift 5 to 10 pounds and has to rest frequently to ease his leg and foot pain. The claimant needs access to a restroom.

Tr. 187

The ALJ offered no conclusions regarding this testimony. Because the ALJ found that Mr. Treichler retains the RFC to perform light work, which entails lifting no more than ten pounds frequently and twenty pounds occasionally, 20 C.F.R. §§ 404.1567(b); 416.967(b), the ALJ implicitly rejected, Claimant argues, Ms. Treichler's testimony that Mr. Treichler can lift only five to ten pounds.

The Commissioner responds that, "to the extent the ALJ rejected Ms. Treichler's opinions, he provided adequate reasons for doing so by explaining that he gave significant weight to medical opinions that supported the residual functional capacity assessment, which were entitled to more weight." Def.'s Br. 9 (internal citations omitted). The Commissioner also

PAGE 10 - OPINION AND ORDER

argues that any error in omitting Ms. Treichler's testimony was harmless because medical evidence supports the ALJ's RFC conclusion. *Id.* at 9.

The Ninth Circuit has held that an ALJ must provide germane reasons for rejecting lay testimony. *Molina*, 674 F.3d at 1114; *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Doddrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The Commissioner's indicated citation reinforces, rather than relieves, this duty. *Molina*, 674 F.3d at 1115. The reviewing court, however, may find an error harmless by looking "at the record as a whole to determine whether the error alters the outcome of the case." *Id.* (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *Robbins*, 466 F.3d at 885; *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). This question turns upon whether the omission of the disputed lay testimony is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1117 (quoting *Carmickle*, 533 F.3d at 1162).

The Commissioner asks this court to conclude that the medical evidence in the record sufficiently discredits Ms. Treichler's testimony under this harmless error analysis. Def.'s Br. 9. The reviewing court, however, may not rely upon reasoning that the ALJ did not assert. *Bray*, 554 F.3d at 1225-26 (citing *SEC*, 332 US at 196 (1947)); *Connett*, 340 F.3d at 874 (citing same). From the fact that the ALJ accepted various medical opinions, it does not necessarily follow that Ms. Treichler's testimony must be discredited. The Commissioner does not identify any evidence accepted by the ALJ that contradicts Ms. Treichler's testimony. *See* Def.'s Br. 8. The ALJ's failure to provide any reason, germane or otherwise, to reject Ms. Treichler's testimony cannot properly be sustained.

### 3. Remand

The ALJ erroneously failed to provide a germane reason for rejecting Ms. Treichler's testimony. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Because the ALJ incompletely evaluated Ms. Treichler's testimony, his subsequent RFC assessment and hypothetical questions to the vocational expert at step five in the sequential disability analysis are not based upon the proper legal standards. It is not clear, however, from the record that crediting the omitted evidence at step five of the sequential process will establish that Mr. Treichler is disabled. Ms. Treichler testified that Mr. Treichler uses the bathroom several times during the course of watching a movie at home and has had to hurry to the bathroom from outside the house "a few times." Tr. 66. She also testified that "a lot of times," he must change his clothes two or three times during the night. In response to counsel's questioning, she stated she was "aware" of times that Mr. Treichler has not made it to the bathroom in time, but did not specify how frequently this occurs. Tr. 67. Finally, Ms. Treichler wrote that, "some days he doesn't seem like he can move at all [and] stays in bed." Tr. 193. She did not state how often this happens. *Id.*

The vocational expert testified that an individual requiring unspecified bathroom breaks "as needed" could perform work as a document sorter. Tr. 76. In response to counsel's questioning, the vocational expert also testified that twice-weekly urinary and bowel incontinence requiring a subsequent shower and change of clothes, would preclude employment in a competitive work environment. Tr. 77. Ms. Treichler, however, did not testify that Mr. Treichler had twice-weekly daytime accidents necessitating a shower and change of clothes. Further, although the vocational expert stated that an individual who was unable to leave his bed two days per week would be unable to sustain competitive employment, Ms. Treichler stated only that he stays in bed "some days."

For these reasons, Ms. Treichler's testimony, if accepted as true, does not establish disability based upon the vocational expert's testimony at step five in the sequential process. Outstanding issues still must be resolved before a determination that an award of benefits is appropriate. Accordingly, the matter must be remanded for further proceedings to address Ms. Treichler's testimony. If necessary, the ALJ must then revise the RFC determination. Finally, the ALJ must incorporate any revised findings, if applicable, into the ALJ's conclusions at steps four and five of the sequential analysis.

## CONCLUSION

The court REVERSES the Commissioner's final decision and REMANDS this matter for further proceedings consistent with this opinion and order, pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ must address Ms. Treichler's testimony, which is limited to her December 15, 2009, hearing testimony and her August 13, 2007, report submitted for the record.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2012.

/s/ Michael H, Simon
Michael H. Simon
United States District Judge