IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALLEN L. TREICHLER**, <br><br>          Plaintiff, <br><br>     v. <br><br> **CAROLYN W. COLVIN**, <br> Commissioner of Social Security, <br><br>          Defendant. | Case No. 3:11-cv-1333-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      Before the Court is Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 31. The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either

PAGE 1 – ORDER

for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $11,344.35. Defendant does not object to the application or the hours for which compensation is sought. Defendant does, however, object that for work performed in the years 2012 and 2015, Plaintiff used an erroneous EAJA hourly rate. Defendant's objection is well taken. The Court calculates Plaintiff's fee award based on the maximum EAJA hourly rate as determined by the Ninth Circuit.

The Court finds that Plaintiff's EAJA petition is proper and the hours for which compensation is requires are reasonable, but some of the hourly rates are incorrect. Accordingly, Plaintiff's application for attorney's fees (Dkt. 22), is GRANTED IN PART.  Plaintiff is awarded $11,330.89 for attorney's fees. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Accordingly, Defendant shall pay to Plaintiff and mail to Plaintiff's attorney the awarded EAJA fees, expenses, and costs, after deducting any applicable offset.

**IT IS SO ORDERED.**

DATED this 26th day of August, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 – ORDER